[Civil No. 894.   Filed March 30, 1905.]

[80 Pac. 318.]

AZTEC LAND AND CATTLE COMPANY, a Corporation, Plaintiff and Appellant, v. COUNTY OF NAVAJO, Defendant and Appellee.

1. TAXES AND TAXATION—LIEU LANDS.—No interest is acquired by the selection of indemnity lands, commonly called "lieu lands," which will subject them to local taxation, until the approval of the selection by the secretary of the interior.

2. SAME — OWNERSHIP — ASSESSMENT — REV. STATS. ARIZ. 1901, PARS. 3831, 3832, 3833, 3847, 3848, 3852, CITED AND CONSTRUED.—Under paragraph 3847, *supra,* providing that between the first Monday in February and the first Monday in June in each year the assessor shall list and assess all property subject to taxation to the person owning the same, property first becoming taxable between these two dates, if assessed prior to June 1st, is taxable for that year, irrespective of the fact that paragraph 3833 provides that the lien of the tax shall attach on the first of February.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Navajo. Richard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

Edward M. Doe, for Appellant.

E. E. Ellinwood, for Appellee.

KENT, C. J.—This cause comes before this court upon the assignment of the plaintiff and appellant that the court below erred in sustaining defendant's demurrer to plaintiff's complaint. From the complaint it appears that in the month of May, 1886, the Atlantic and Pacific Railroad Company, for a valuable consideration, made, executed, and delivered to the plaintiff its warranty deed to certain lands, being what are known as indemnity lands to the grant to the railroad company, and commonly called "lieu lands"; that the railroad company duly and regularly selected all of such lands

"long since," but that the selection thereof was not approved by the secretary of the interior until the thirtieth day of March, A. D. 1903, and that patent from the United States for the lands issued to the railroad company on the first day of April, 1903; that the lands were assessed for taxes for the year 1903 by the county of Navajo between the first Monday in February and the first Monday in June in the year 1903, and such taxes were paid by the appellant under an agreement or stipulation.   This action was thereafter brought by the plaintiff and appellant to recover from the county the taxes so paid.

It is settled that no interest is acquired by the selection of lieu lands, such as are described in the complaint, which will subject them to local taxation, until the approval of the selection by the secretary of the interior.   *Wisconsin Central Ry. Co.* v. *Price County*, 133 U. S. 496, 10 Sup. Ct. 341, 33 L. Ed. 687; *Ryan* v. *Central Pacific R. R. Co.*, 99 U. S. 382, 25 L. Ed. 305.   The question, therefore, to be determined is whether lands to which the appellant acquired a right on the thirtieth day of March, 1903, were rightfully assessed by the county for taxes for the year 1903.   The following are extracts from the laws of this territory which have a bearing upon the question:—

"There shall be levied annually upon the real and personal property within this territory the following taxes. . . .

"The board of supervisors of each county shall on the third Monday of August of each year assess the amount of taxes that shall be levied for county purposes. . . .

"Every tax . . . is hereby made a lien upon the property assessed, which lien shall attach on the first Monday in February in each year. . . .

"Between the first Monday in February and the first Monday in June in each year the county assessor . . . shall ascertain by diligent inquiry and examination all property in his county, real or personal, subject to taxation . . . and shall list and assess the same to the person, firm, corporation, association or company owning or having the possession, charge or control thereof. . . .

"It shall be the duty of every person owning . . . property in this territory subject to taxation, and as in this title provided, to make out and deliver to the assessor between the first

Monday in February and the first Monday in June in each year a correct list of the same. . . .

"If any person with whom the assessor shall have left a notice or demand . . . shall have no property which by this title he is required to list . . . he shall set forth that fact on the blank . . . and return the same to the assessor on or before the first Monday in June."

Rev. Stats. 1901, pars. 3831, 3832, 3833, 3847, 3848, 3852.

It will be observed that our statutes provide that between the first Monday in February and the first Monday in June of each year the assessor shall list and assess the real and personal property subject to taxation, and that no definite day is fixed at which time such property shall be subject to assessment and taxation. In this respect our law differs from that of many, if not nearly all, of the states, where such definite day is fixed and established by law; and the numerous decisions in such jurisdictions holding that property acquired after such fixed day is not subject to taxation for that year have no direct application to the case before us. Under our law, it is clearly the duty of the assessor, between the dates named in the statute, to assess property subject to taxation that he may find in the county; and, in the absence in the statute of any fixed date at which property then owned shall be assessed for a given year, it is his duty within that time to assess for that year all property subject to taxation, whether acquired prior or subsequent to the first day of February. Nor does the fact that the statute provides that the lien of the tax shall attach on the first day of February, while it may by custom afford a convenient date for the vendor and vendee to determine, as between themselves, who shall take the burden of the payment of the tax, make it, in the absence of such express provision as we have referred to, any less the duty of the assessor to assess, during the period while such assessment is in progress, all such property as he may find to be taxable and untaxed, though acquired by the owner subsequent to the date when the lien attaches. The property in question, therefore, though acquired by the appellant subsequent to February 1st, but prior to June 1st, and assessed prior to the last-mentioned date, was legally subject to taxation for that year.

Our opinion is in accord with the views expressed by the supreme court of the United States in the case of *Hunnewell*

v. *Cass County*, 22 Wall. 464, 22 L. Ed. 752, and by the supreme court of Nebraska, under a similar statute, in the case of *Jones* v. *Seward County*, 10 Neb. 154, 4 N. W. 946.

The judgment of the district court is affirmed.

DOAN, J., and DAVIS, J., concur.